———o———

No. 3760.

(Court of Appeal, Parish of Orleans.)

SUCCESSION OF EUGENE DUPRE.

Appeal from Civil District Court, Division "E."

E. H. McCaleb, Sr., and E. H. McCaleb, Jr., for Plaintiff and Appellant.

E. J. Meral and P. J. Patorno, for Defendant and Appellee.

1. A husband may, by manual gift, give to his wife all that he could give to a stranger, either out of community funds or out of his separate estate, and delivery at the matrimonial domicile is, in a nature of things, a real delivery.

2. Furniture and musical instruments are among the movables that may thus be given.

3. The presumption is that, upon the dissolution of the marriage, all the effects which husband and wife reciprocally possess belong to the community, and the burden of proof is on the wife to show satisfactorily that there was a manual gift.

4. She has successfully borne the burden, and satisfactorily established her claim.

DUFOUR, J. Widow Eugene Dupre filed a rule on the Ad-

441

ministrator of the Succession, claiming certain inventoried movables as manual gifts from her deceased husband..

Counsel for defendant have set up in defence of the claim the opinions of the French commentators, the research and learning displayed by counsel are highly commendable.

But the investigation of the wealth of authority to which we are referred, though most interesting, would be purely academical here, because the article upon which our decision must be rested is not found in the Code Napoleon.

Art. 1539, R. C. C., says:

"The manual gift, that is the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality."

As a general answer to defendant's argument we may say that furniture is such a movable (43 An. 144), a husband may make such a gift, either out of community funds or his separate resources (Journal du Falais 1894, p. 47), and delivery at the matrimonial domicile must, in the nature of things, be a real delivery, for, where else could it be made, for the gift to be serviceable.

The presumption is that, upon the dissolution of the marriage, all the effects which husband and wife reciprocally possess belong to the community, and the burden of proof is on the wife to show satisfactorily that there was a manual gift. (R. C. C. 2405.)

The only question here is one of fact; has she sucessfully borne that burden?

It is true, as stated by counsel, that testimony as to what a dead man said or did is weak evidence. But this simply means that testimony must carefully be scrutinized and weighed.

The rule is a wise and salutary one, but it cannot be construed so as to make it impossible for a living person to successfully assert his legal right merely because his debtor is dead.

Plaintiff in rule abandoned at the trial her claim to several articles mentioned in the rule, and the trial judge rejected others.

The piano is said by her to have been a birthday surprise to her on the part of her husband, and Brickell, who sold Dupre the piano, corroborates her with the statement that Dupre told him to deliver it on a fixed day because it was intended as a birthday present to his wife.

As to the furniture, her testimony that it was a manual gift is corroborated by Stern, the auctioneer, from whom it was bought, and by Otto Dupre, brother of the deceased, in whose charge the latter placed the matter for attention.

The trial judge believed mover and her witnesses, and considered that sufficient proof of the manual gift had been made.

And so do we.

The suggestion that, because Dupre insured the articles in his name, he thereby revoked the donation, is not worthy of serious consideration. It smacks of the drowning man's attempt to grasp for a straw.

Judgment affirmed.

June 20th, 1905.

Rehearing refused, June 29th, 1905.

Writ refused by Supreme Court, August 14th, 1905.